## Case No. 15,944.

UNITED STATES v. ONE HUNDRED AND TWO PACKAGES DISTILLED SPIRITS.

[22 Int. Rev. Rec. 187.]

District Court, S. D. New York. June, 1876.

INTERNAL REVENUE — DISTILLERY FRAUDS — COMMISSIONER'S REGULATIONS.

A common device in connection with the great whiskey ring frauds in the West to procure stamps for rectified spirits, was the false return by rectifiers to the collector of internal revenue, of spirits as emptied for rectification, the spirits being actually shipped to other markets, and their place supplied in the rectifying houses by illicit spirits from some "crooked" distillery, run in complicity with the rectifying houses. The issue of stamps for rectified spirits is regulated by these returns of spirits "dumped," which returns are known as "dumpers," or "Form 122."

Demurrer to the information. The second count of the information based upon section 3451, Rev. St. U. S., alleged that Bensberg, a rectifier at St. Louis, in the First collection district of Missouri, had owned these spirits, and had then and there made a return to the collector of internal revenue upon a form prescribed by the commissioner of internal revenue, known as "Form 122"; that he had emptied these packages of spirits for rectification, and that he had procured a United States gauger's return, to be made to that effect; while in fact Bensberg had shipped these spirits to New York, and had conveyed to the claimant [Thomas Thatcher, 72 Courtlandt street] all the title to them which, in view of these facts, he could convey. The demurrer rested upon the want of power in the commissioner to make the regulations, requiring Form 122, and upon the point that the false Form 122 did not forfeit the spirits described therein, but those which could be unlawfully placed upon the market, by means of its false character.

Roger M. Sherman, Asst. U. S. Atty.
Thomas Harland, for claimant.

BLATCHFORD, District Judge, held that the regulations requiring Form 122, were made in the reasonable and lawful exercise of the authority conferred by several sections of the Revised Statutes upon the commissioner of internal revenue, and that Form 122 was covered by the language in section 3451, "any document required by regulation made in pursuance of the provisions of the internal revenue laws," and that the property to which, in this case, the Form 122 relates is that described in the instrument itself.

Judgment for the United States.